IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT GORDON, #65920, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-00521 |
| MATTHEW HORTON, *et al.*, | ) Judge Richardson |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Gordon who is currently in the custody of the Williamson County Jail in Franklin, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). For the reasons below, Plaintiff's complaint will be dismissed as frivolous.

### I. FILING FEE

Plaintiff has filed an Applications for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation,[1] it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his original IFP Application (Doc. No. 2) will be granted. Plaintiff's Motion to Extend Time for IFP Trust Fund will be denied as moot. (Doc. No. 6).

---

[1] Plaintiff's does not include a copy of Plaintiff's inmate trust account statement as required by Section 1915(a)(2). However, Plaintiff has submitted a "Certificate of Prisoner Institutional/Trust Fund Account Activity." (Doc. No. 7-1). This document, which appears to be signed by Plaintiff's custodian, reports the average monthly balance and average monthly deposit for Plaintiff's trust fund account. (*Id.*). Moreover, the custodian's handwritten note indicates that Plaintiff properly requested the statement ordered by the Court. (*See* Doc. No. 5). Based on Plaintiff's submissions, the Court in its discretion deems the statutory requirements met.

Under § 1915(b), Plaintiff remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Williamson County Jail to ensure that the custodian of Plaintiff's inmate

trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

## III. FACTUAL ALLEGATIONS AND CLAIMS

Plaintiff alleges that Defendants Matthew Horton and Erin Mishkin published false statements about him, thereby damaging his reputation.[2] (Doc. No. 1 at 3). He claims that Horton and Mishkin are therefore both liable for defamation. (*Id.* at 3−5). He seeks $25 million in damages and additional relief. (*Id.* at 7).

---

[2] Plaintiff also makes several inflammatory allegations against Defendant Mishkin that are unrelated to his claims. (Doc. No. 1 at 2−3). The Court herein does not recite these allegations.

## IV. ANALYSIS

The Complaint is subject to dismissal as frivolous. "A complaint is frivolous only if the plaintiff fails to present a claim with an arguable basis either in law or in fact. The former occurs when indisputably meritless legal theories underlie the complaint, and the latter when it relies on fantastic or delusional allegations." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (citations and quotation marks omitted).

Here, the Complaint is legally frivolous. Plaintiff claims that Defendants are liable for defamation, but there is no such cause of action under federal law. *See Duncan v. Kuhr*, No. 23-3511, 2024 WL 5112648, at *2 (6th Cir. Aug. 21, 2024) ("[T]o the extent that [plaintiff] alleges general claims of negligence and defamation, her complaint failed to assert a federal cause of action."). And there is no other arguable basis for a federal court exercising jurisdiction over Plaintiff's complaint. Specifically, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332, as Plaintiff indicates that all parties are citizens of Tennessee. (Doc. No. 1-2 at 5) (civil cover sheet). "[A] prisoner's invocation of federal jurisdiction in and of itself may be frivolous where there is no possible ground upon which a reasoned argument can be made to sustain jurisdiction." *Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 491−92 (6th Cir. 2011) (citations, brackets, and quotation marks omitted). Here, Plaintiff's invocation of federal-court jurisdiction cannot possibly be supported by any reasoned argument. Therefore, the Complaint is frivolous.

## V. CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**. His Motion for Extension of Time (Doc. No. 6) is **DENIED** as moot.

The Complaint is **DISMISSED** without prejudice as frivolous.[3]

Plaintiff's Motion to Join Cases (Doc. No. 8) is **DENIED** as moot.

This is the final order in this action. The Clerk is directed to enter judgment under Rule 58 of the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] It is not clear whether a dismissal of a complaint as frivolous based on the lack of plausible invocation of subject-matter jurisdiction can properly be deemed one with prejudice. The most the Court can say with confidence is that a garden-variety dismissal of a case for lack of subject-matter jurisdiction generally is one without prejudice. *See Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case."). Even if dismissal with prejudice is permissible when the assertion of subject-matter jurisdiction is frivolous, the Court exercises its discretion to dismiss this action without prejudice.